Helen Akin, Respondent, v. Pruyn Lumber & Supply Co., Inc., and Raymond Cassidy, Appellants.

Third Department, April 27, 1938.

*Brown & Gallagher* [*Oscar J. Brown* of counsel], for the appellants.

*Leonard Cohen* [*John H. Broderick* and *Morris Simon* of counsel], for the respondent.

Rhodes, J. Plaintiff charges that her injuries received in an automobile accident were caused by the negligence of the defendants. She was a passenger in a Ford panel truck driven by her husband. They were proceeding west on the so-called Schaghticoke-Stillwater highway, which consists of a two-strip concrete pavement, about seven-thirty in the morning of December 30, 1936. The weather was foggy and misty and the road was icy. As they were about to descend from the brow of a hill where the road curved to the north and to their right, the curve being banked, they observed the defendants' truck crosswise of the road, occupying all of the paved part of the highway. Plaintiff's husband, to avoid

hitting defendants' truck, steered to the right and his car slid into the north end of a guard rail fence, resulting in injuries to the plaintiff.

The truck of the defendant company, driven by the defendant Cassidy, was a Mack truck, chain drive, 1931 model, known as a Bulldog or B type, with four rear wheels of the dual type, with pneumatic tires. It weighed four tons empty, and had on a heavy load of lumber, the weight of the load being about two tons. The length of the truck was about twenty-four feet and the lumber extended to the rear beyond the body about two feet. It was equipped with a governor so that its maximum speed was twenty-three miles per hour. It had started up the hill in high gear with the throttle wide open and at its maximum speed. When it reached the middle of the curve the speed had decreased to about eighteen miles per hour; the driver knowing that he could not make the grade in high gear then shifted to a lower gear, the operation causing the truck to slacken its speed, and as the gears engaged, the wheels began to spin and the truck slid to the left or north, because of the icy condition and the banking of the road on the curve, coming to rest with the rear of the truck against the guard rail fence on the north side of the road, facing slightly northeast diagonally across the road and covering practically all of the paved portion.

The truck was equipped with chains and flares, but there were no chains on the wheels before the accident, and the jury could have found that the truck remained in this position from ten to fifteen minutes before plaintiff's accident occurred, during which time defendant driver and his helper were putting chains on the truck, but did not place any flares on the road.

Upon the trial plaintiff asserted two possible grounds of negligence, one the failure to place flares, the other the act of the driver in attempting to start up the hill in high gear, being familiar with the road and its icy condition and knowing that he could not make the grade in high gear.

The charge of the court correctly instructed the jury as to the issues of fact presented and as to the principles of law applicable, except in one particular, as to which defendants complain.

The court charged the jury as to the statute governing the speed of trucks and told them that as the truck had more than two tons' capacity and was equipped with pneumatic tires, " there is a presumption that if it was driven at a rate of speed in excess of 20 miles an hour, it was being driven at a rate of speed which was not careful and prudent.''

There was no dispute as to the fact that the truck, before it started to slide and skid, had slowed to eighteen miles per hour, and it is clear that the rate of speed at which the truck was proceeding before it started to slide had nothing to do with the accident.

At the close of the main charge plaintiff's counsel submitted the following request: " I ask your Honor to charge the jury that if they find that the speed of the defendant's truck was in excess of that permitted by statute and the failure of the defendant truck driver to start up that grade in low gear, or in a lower gear, produced a result of skidding and blocking the highway, and that that was the proximate cause of this accident, the plaintiff is entitled to recover. The Court: Yes, provided they find those acts on the part of Cassidy were negligent acts, as I have defined negligence in the main charge."

To this an exception was taken by defendants' counsel. The effect of this latter charge, as requested by the plaintiff, was to permit the jury to find negligence if they found that the speed of defendants' truck ascending the hill was in excess of that permitted by the statute, although, as above stated, the excess speed of defendants' truck before it slid had nothing to do with its skidding and sliding, and, therefore, was not a factor contributing to plaintiff's accident.

For the reasons stated, we think the charge in this respect was erroneous. As a result plaintiff must accept the consequences of the ruling granted upon the request in her behalf.

The judgment and order should be reversed, on the law, and a new trial granted, with costs to the appellants to abide the event.

McNAMEE, CRAPSER and HEFFERNAN, JJ., concur; HILL, P. J., dissents.

Judgment and order reversed, on the law, and new trial granted, with costs to the appellants to abide the event.